IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| E-MAX SOLUTIONS, PARTNERS, | : | |
| INC., A SCIQUEST.COM COMPANY | : | |
| and | : | |
| JOHN (JEB) CONNOR, JAMES (JIM) | : | |
| KELLER, and JAMES FIELDS | : | NO.  02-cv-3682 |

**MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)(5) and (6) OF DEFENDANTS, E-MAX SOLUTIONS, PARTNERS, INC., A SCIQUEST.COM COMPANY, JOHN (JEB) CONNOR, JAMES (JIM) KELLER, AND JAMES FIELDS**

Defendants, E-Max Solutions, Partners Inc., John Connor, James Keller and James Fields, by and through their counsel, hereby move this Honorable Court for dismissal of all plaintiff's claims and in support thereof avers the following:

1. On or about June 10, 2002 plaintiff commenced this action by filing a "Complaint Nunc Pro Tunc" alleging that the actions of said defendants violated her rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Act of 1972 and the Civil Rights Act of 1991 and numerous state court claims. See Plaintiff's Complaint Nunc Pro Tunc attached as Exhibit "A".[1]

2. Prior to this action plaintiff, unsuccessfully and inappropriately, attempted to remove

---

[1] Plaintiff's introduction of her "Complaint Nunc Pro Tunc" states that she "repeats, realleges incorporates and amplifies Plaintiff's Amended Complaint, filed in Delaware County Court of Common Pleas."  It should be noted that the only Amended Complaint pertaining to this case was a proposed Amended Complaint attached as an exhibit to plaintiff's failed attempt to remove the Delaware County Court of Common Pleas action to this Honorable Court (see Civil Action No. 01-cv-5841).  Importantly, plaintiff's naming of the present filed action "Complaint Nunc Pro Tunc" has no legal baring because relation back does not apply when there is no validly preexisting action with which to relate back.  See Byrne v. U.S., 804 F. Supp. 557 (S.D.N.Y. 1992).

to this Honorable Court a separate action which was commenced, by Writ of Summons on May 9, 2001 in the Court of Common Pleas of Delaware County. A subsequent Delaware County Complaint was filed on or about June 21, 2001. <u>See</u> Plaintiff's Notice of Removal to Federal Court (Civil Action No. 01-cv-5841), attached as Exhibit "B".

3. Said Notice of Removal was filed on or about November 21, 2002 and had attached, as an exhibit, a proposed Amended Complaint which included both federal and state claims also averred in the present action. <u>See</u> Exhibit "B".

4. At no time did plaintiff ever file a Motion for Leave to File the Amended Complaint as required by Fed. R.C.P. 15(a) or even file the Amended Complaint without leave of court.

5. Additionally, the docket with this Honorable Court never reflected filing of any Amended Complaint therefore defendants never filed an Answer.

6. Plaintiff subsequently filed a Motion for Default Judgment which was denied as there existed "no properly pending action" before the court and the case was remanded to the Court of Common Pleas of Delaware County. <u>See</u> Order of Judge Jay C. Waldman dated May 17, 2002 attached as Exhibit "C".

7. In summary, prior to the instant case there has been no properly pending action brought before this Honorable Court by plaintiff alleging claims against defendants.

8. Service of process gives the court jurisdiction over the defendant. Without valid service of process, the district does not obtain personal jurisdiction over the defendant. <u>Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).

9. Plaintiff served a Summons and Complaint for all named defendants in this action to the undersigned counsel.

10.     Contrary to plaintiff's representation on each Summons, the undersigned counsel did not agree to receive service on behalf of defendants. See back portion of Summons for defendants attached as Exhibit "D".

11.     Plaintiff failed to properly serve defendants and this Honorable Court should dismiss the Complaint for lack jurisdiction.

12.     Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1) provides, in pertinent part, that an action may be brought within 90 days of the right-to-sue period and such action is a prerequisite to civil action. See Aljadir v. University of Pennsylvania, 547 F. Supp 667 (E.D. Pa. 1982) quoting Carlile v. South Routt School District Re 3-J, 652 F.2d 981, 984 (10th Cir. 1981); Crawford v. Western Electric Company, Inc., 614 F.2d 1300, 1307 (5th Cir. 1980); Trabucco v. Delta Airlines, 590 F.2d 315, 316 (6th Cir. 1979); Archie v. Chicago Truck Drivers, etc., 585 F.2d 210, 215-216 (7th Cir. 1978); Melendez v. Singer-Friden Corp., 529 F.2d 321, 324 (10th Cir. 1976); Collins v. United Air Lines, Inc., 514 F.2d 594, 596 (9th Cir. 1975); Dematteis v. Eastern Kodak, 511 F.2d 306, 309 (2nd Cir. 1975).

13.     Plaintiff's Right-to-Sue letter was issued October 16, 2001. See Notice of Right to Sue letter dated October 16, 2001 attached as Exhibit "E".

14.     Plaintiff failed to initiate a civil action within 90 days, or by January 14, 2002, therefore her Title VII claims are timed barred.

15.     The existing first action, in the Court of Common Pleas of Delaware County, alleges state law claims for breach of contract, promissory estoppel, fraud and deceit, assault and battery and emotional distress, false imprisonment and emotional distress, and defamation still remains. See true and correct copy of Plaintiff's Complaint in the Court of Common Pleas of Delaware County

attached as Exhibit "F".

16. All state law claims currently alleged, as well as all of the facts and parties involved in the instant action are mirror images of claims already pending before the Court of Common Pleas of Delaware County. See Exhibit "A" at ¶¶ 9-50 and Exhibit "E" at ¶¶ 1-53.

17. Defendants respectfully submit that under Federal Common law, the doctrine of abstention allows [the] Court to decline to exercise its jurisdiction over a matter via motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1). Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Public Utility Com'n, 107 F. Supp. 2d 653 (E.D. Pa. 2000).

18. Defendants respectfully submit to this Honorable Court that it should abstain from exercising jurisdiction over the instant matter in accordance with Colorado River Water Conservation Dist. V. United States, 424 U.S. 800, 96 S.Ct. 1236 (1976).

19. Defendants respectfully submit that in order for a federal court to exercise its discretion to dismiss or stay an action under Colorado River there must first be a pending state court proceeding involving the same claims and parties or at least "nearly identical allegations" and parties who are essentially identical." Trent v. Dial Medical of Florida, Inc., 33 F.3d 217, 224 (3d Cir. 1994) see also Bowdoin v. Deckman, 997 F. Supp. 645 (E.D. Pa. 1998).

20. This Honorable Court should abstain from exercising jurisdiction over the instant matter because plaintiff has identical previously existing claims alleged in her action in the Court of Common Pleas for Delaware County.

**WHEREFORE**, Defendants, E-Max Solutions, Partners Inc., John Connor, James Keller and James Fields, respectfully request that this Honorable Court, without waiving service, grant their Motion to Dismiss and dismiss all claims filed against defendants.

**SWEENEY & SHEEHAN**


By:_____
    Barbara A. O'Connell
    Identification No. 46461
    1515 Market Street, 19th Floor
    Philadelphia, PA 19102
    (215) 563-9811
    Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YOLANDA WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| E-MAX SOLUTIONS, PARTNERS, | : | |
| INC., A SCIQUEST.COM COMPANY | : | |
| and | : | |
| JOHN (JEB) CONNOR, JAMES (JIM) | : | |
| KELLER, and JAMES FIELDS | : | NO. 02-cv-3682 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Plaintiff commenced this action by filing a "Complaint Nunc Pro Tunc" on June 10, 2002 alleging that the actions of defendants violated her rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Act of 1972 and the Civil Rights Act of 1991 and numerous state law claims. See Plaintiff's Complaint Nunc Pro Tunc attached as Exhibit "A". Prior to this action plaintiff unsuccessfully, and inappropriately, attempted to remove to this Honorable Court a separate action which was commenced, by Writ of Summons on May 9, 2001 and Complaint filed on or about June 21, 2001, in the Court of Common Pleas of Delaware County. See Plaintiff's Notice of Removal to Federal Court (Civil Action No. 01-cv-5841), attached as Exhibit "B".  Said Notice of Removal was filed on or about November 21, 2002 and  had attached, as an Exhibit, a proposed Amended Complaint which included both federal and state claims also averred in the present action.  See Exhibit "B".

At no time did plaintiff ever file a Motion for Leave to File the Amended Complaint as

required by Fed. R.C.P. 15(a) or even file the Amended Complaint without leave of court. The docket with this Honorable Court never reflected the filing of an Amended Complaint, therefore defendants never filed an Answer. Plaintiff subsequently filed a Motion for Default Judgment which was denied as there existed "no properly pending action" before the court and the case was remanded to the Court of Common Pleas of Delaware County. See Order of Jude Jay C. Waldman dated May 17, 2002 attached as Exhibit "C". As such, prior to the instant case, where Plaintiff actually filed a Complaint on June 10, 2002, there was no action brought before this Honorable Court by plaintiff alleging claims against defendants.

In the instant matter, plaintiff served a Summons and Complaint for all named defendants in this action to the undersigned counsel. Contrary to plaintiff's representation on each Summons, the undersigned counsel did not agree to receive service on behalf of defendants. See back portion of Summons for defendants attached as Exhibit "D".

### A.   Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b) provides, in pertinent part, as follows:

> Every defense in law or fact to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim shall be asserted to the responsive pleading thereto if one is required, except that the following defenses may, (1) lack of jurisdiction over the subject matter... (5) insufficiency of service of process; (6) failure to state a claim upon which relief can be granted.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction based on the face of the complaint or its existence in fact. Pennsylvania Protection and Advocacy v. Houston, 136 F. Supp. 2d 353 quoting Mortensen v. First Fed. Savings

and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) may challenge jurisdiction based on insufficiency of service. See Umbenhauer v. Woog, 969 F.2d 25 (3d Cir. 1992). The plaintiff bears the burden of persuasion because it is the plaintiff who is seeking to invoke jurisdiction. See Id.; Turner v. Bank of North America, 4 U.S. 8 (1799).

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is the proper means by which a Defendant may challenge the legal sufficiency of a complaint. See Deily v. Waste Management of Allentown, 118 F. Supp. 2d 539 (E.D. Pa. 2000) quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). The Court must determine whether the plaintiff is entitled to relief under any set of facts consistent with the allegations of the complaint. See Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). In deciding a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint muse be accepted as true and all reasonable inferences that can be drawn therefrom must be viewed in the light most favorable to the plaintiff. See Id. To survive a motion to dismiss, plaintiff must set forth facts, not mere conclusions, which state a claim as a matter of law. Taha v. INS, 828 F. Supp. 362, 364 (E.D. Pa. 1993). In making its decision a court may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994).

If it is clear from the face of the pleadings that a statute of limitations has expired, dismissal for failure to state a claim is appropriate. See Saylore v. Ridge, 989 F. Supp. 680 (E.D. Pa. 1998). It is the Court who must determine whether time alleged in complaint shows that the

claim has not been brought within the limitations period.  See <u>Warminster Tp. Mun. Authority v. U.S.</u>, 903 F. Supp 847 (E.D. Pa. 1995).

### B. Plaintiff's Claims Should Be Dismissed for Insufficiency Of Service

Service of process gives the court jurisdiction over the defendant.  Without valid service of process, the district court does not obtain personal jurisdiction over the defendant.  <u>Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987).

Federal Rule of Civil Procedure 4(c)(1) provides, in pertinent part, as follows:

> A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint ...and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed.R.C.P. 4(c)(1).  Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint or simply quash service of process.  However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service.  See <u>Umbenhauer v. Woog</u>, 969 F.2d 25 (3d Cir. 1992) <u>quoting</u> <u>Richardson v. Ingram Corp.</u>, 374 F.2d 502, 503 (3d Cir.) <u>cert. denied</u>, 389 U.S. 866, 88 S.Ct. 134 (1967).

Plaintiff served a Summons and Complaint for all named defendants in this action to the undersigned counsel. Contrary to plaintiff's representation on each Summons, the undersigned counsel did not agree to receive service on behalf of defendants.  <u>See</u> back portion of Summons for defendants attached as Exhibit "D".  Plaintiff's failure to effectuate proper service is in violation of

the Federal Rules of Civil Procedure, therefore this Honorable Court should dismiss the Complaint for lack jurisdiction.  Moreover, Defendants John (Jeb) Connor and James Fields are no longer employees of E-Max Solutions.  It is the responsibility of the Plaintiff to locate and properly serve all defendants.  Because there exist no reasonable prospect that service will be obtained, all claims, or in the alternative, claims against Defendants Connor and Fields should be dismissed.

    **C.**    **Plaintiff's Claims Are Barred Because Her Complaint Was Filed Untimely**

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1), provides in pertinent part that:

> "If a charge filed with the Commission...is dismissed by the Commission...the Commission...shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...by the person claiming to be aggrieved..."

Bringing an action within the 90 day right-to-sue period is a jurisdictional prerequisite and the period is not subject to judicial expansion.  See Aljadir v. University of Pennsylvania, 547 F. Supp 667 (E.D. Pa. 1982) quoting Carlile v. South Routt School District Re 3-J, 652 F.2d 981, 984 (10th Cir. 1981); Crawford v. Western Electric Company, Inc., 614 F.2d 1300, 1307 (5th Cir. 1980); Trabucco v. Delta Airlines, 590 F.2d 315, 316 (6th Cir. 1979); Archie v. Chicago Truck Drivers, etc., 585 F.2d 210, 215-216 (7th Cir. 1978); Melendez v. Singer-Friden Corp., 529 F.2d 321, 324 (10th Cir. 1976); Collins v. United Air Lines, Inc., 514 F.2d 594, 596 (9th Cir. 1975); Dematteis v. Eastern Kodak, 511 F.2d 306, 309 (2nd Cir. 1975).  Statutory time limitations for filing suit "...are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the

judiciary. <u>Kananagh v. Noble</u>, 332 U.S. 535, 539 68 S.Ct. 235, 237 92 L.Ed. 150 (1947). The period in which an action may be brought [under Title VII] is stated clearly in the statute [and]...nothing "either in the plain language of the statute or in its legislative history...indicate[s] that the time limitation may be forgiven or extended even if the complainant has acted diligently." <u>See</u> <u>Dunlap v. Sears, Roebuck and Co.</u>, 478 F.Supp. 610, 612 (E.D. Pa. 1979) <u>quoting</u> <u>Wong v. Bon Marche</u>, 508 F.2d 1249 (9th cir. 1975) (91st day).

It is undisputed that plaintiff was issued her right-to-sue letter on October 16, 2001. In such letter plaintiff was expressly informed of her rights and the time requirement with which she was to file suit either in federal or state court. In fact, the "90 day" time period was printed in bold letters, capitalized and underlined, thus emphasizing its importance. <u>See</u> Exhibit "D". Plaintiff, untimely initiated this action by filing her Complaint on or about June 10, 2002 almost five months beyond the time period. <u>See</u> U.S. District Court for the Eastern District of Pennsylvania Docket attached as Exhibit E.

Since the period in which an action may be brought under Title VII expired, plaintiff is barred from pursuing her claims with this Honorable Court.

    **D.    This Honorable Court Should Abstain from Exercising Jurisdiction over the Instant Matter**

The doctrine of abstention allows [the] Court to decline to exercise its jurisdiction over a matter via motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1). <u>Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Public Utility Com'n</u>, 107 F. Supp. 2d 653 (E.D. Pa. 2000). Defendants submit to this Honorable Court that it should abstain from exercising jurisdiction over

the instant matter in accordance with <u>Colorado River Water Conservation Dist. V. United States</u>, 424 U.S. 800, 96 S.Ct. 1236 (1976).  In order for a federal court to exercise its discretion to dismiss or stay an action under <u>Colorado River</u> there must first be a pending state court proceeding involving the same claims and parties or at least "nearly identical allegations" and parties who are essentially identical."  <u>Trent v. Dial Medical of Florida, Inc.</u>, 33 F.3d 217, 224 (3d Cir. 1994) <u>see also</u> <u>Bowdoin v. Deckman</u>, 997 F. Supp. 645 (E.D. Pa. 1998).  "The two actions must be parallel." <u>Ryan v. Johnson</u>, 115 F. 3d 193, 196 (3d Cir. 1997).  The phrase "parallel" necessarily contemplates concurrent actions in both federal court and state court.  <u>See</u> <u>Id.</u> (Discussing proceedings in both federal court and state court) <u>see also</u> <u>Cohen v. Township of Cheltenham, Pennsylvania</u>, 174 F. Supp. 2d 307, 319 (E.D. Pa. 2001).  In determining whether the Court should exercise discretion to abstain the following factors must be considered:

> (1) Which court first assumed jurisdiction over the property involved, if any;
> (2) Whether the federal forum is inconvenient;
> (3) The desirability of avoiding piecemeal litigation;
> (4) The order in which the respective courts obtained jurisdiction;
> (5) Whether federal or state law applies; and
> (6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

<u>See</u> <u>Trent</u>, 33 F.3d at 225.  In making a determination the Court does not go through a "mechanical checklist."  <u>Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp.</u>, 460 U.S. 1, 16, 103 S. Ct. 927 (1983).

      The first factor is not pertinent in this action.  The fourth, fifth and sixth factors support abstention. It is undisputed that plaintiff first filed said identical claims against defendants

in the Court of Common Pleas of Delaware County. Said action was commencement by Writ of Summons, on May 9, 2001. Subsequently, a Complaint was filed on June 21, 2001. Plaintiff's unsuccessful filing of a Notice of Removal of the state action to this Honorable Court, was attempted on November 21, 2001. The faulty removal attempt occurred over six months after initiation of the state court proceeding. Plaintiff's June 10, 2002 filing of the Complaint in the instant federal matter is over a year after the Court of Common Pleas for Delaware County obtained its jurisdiction.

The fifth and sixth factors are closely related. The instant federal court matter requires application of both federal and state law. Although the state court action only applies state law claims, the parties in both actions mirror each other. If this Honorable Court abstains from jurisdiction the state court proceeding would adequately protect the federal rights of plaintiff. It has been long established that abstention can be extended if a plaintiff would have a full and fair opportunity to litigate his constitutional claims. See Ohio Civil Rights Commission v. Dayton Christian Schools, 477 U.S. 619, 627 (1986). See also Huffman v. Pursue, Ltd., 420 U.S. 592 (1975). The constitutional claims may be heard in the state court matter by an amendment to the Complaint. Moreover, plaintiff should not be allowed to needlessly consume the judicial process by having identical matters heard simultaneously. Abstention by this court will prevent the "piece meal litigation" plaintiff has unnecessarily imposed upon all four defendants.

**WHEREFORE**, Defendants E-Max Solutions, Partners Inc., John Connor, James Keller and James Fields, respectfully request that this Honorable Court without waiving service, grant their Motion to Dismiss and dismiss all claims against defendants.

**SWEENEY & SHEEHAN**

                    By:_____
                         Barbara A. O'Connell
                         Identification No. 46461
                         1515 Market Street, 19th Floor
                         Philadelphia, PA 19102
                         (215) 563-9811
                         Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YOLANDA WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| E-MAX SOLUTIONS, PARTNERS, | : | |
| INC., A SCIQUEST.COM COMPANY | : | |
| and | : | |
| JOHN (JEB) CONNOR, JAMES (JIM) | : | |
| KELLER, and JAMES FIELDS | : | NO. 02-cv-3682 |

**O R D E R**

   **AND NOW**, this         day of                , 2002, upon consideration of the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1) (5) and (6) filed by Defendants, E-Max Solutions, Partners, Inc., John Connor, James Keller and James Fields, it is hereby **ORDERED** and **DECREED** that said Motion is granted and all claims of Plaintiff's Complaint Nunc Pro Tunc are dismissed with prejudice against Defendants.

                                             **BY THE COURT**:


                                             _____
                                                                          J.