IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| E-MAX SOLUTIONS, PARTNERS, | : | |
| INC., A SCIQUEST.COM COMPANY | : | |
| and | : | |
| JEB CONNOR, JIM KELLER, | : | |
| JAMES FIELDS | : | NO.  02-cv-3682 |

**SUPPLEMENTAL MEMORANDUM OF LAW ON
BEHALF OF DEFENDANTS**

**INTRODUCTION**

As requested by this Court's Order of October 20, 2003, please accept the following as Defendants' Supplemental Memorandum of Law on the issues requested.

**I.   ISSUE: WHETHER EQUITABLE TOLLING EXCUSES THE FAILURE OF THE PLAINTIFF TO FILE HER COMPLAINT ALLEGING TITLE VII VIOLATIONS WITHIN NINETY (90) DAYS OF RECEIVING THE EEOC RIGHT TO SUE LETTER**

Response: Plaintiff is not entitled to equitable tolling of the ninety day limitations period to file her Title VII Claims.

It is well-settled that the 90-day period following a claimant's receipt of a Right to Sue Notice from the EEOC is in the nature of a statute of limitations, and therefore is subject to claims of waiver, equitable tolling, or estoppel.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  All federal courts, including the Third Circuit and this Court, have applied this general principle repeatedly.  In this case, no issue concerning an alleged waiver by the Defendants of the 90-day period

has been raised by Plaintiff or by the Court. Therefore, in conformity with this Court's Order dated October 20, 2003, the Defendants will address herein only whether the 90-day limitations period should be equitably tolled, and whether the Defendants should be estopped from relying on the limitations period as a defense to Plaintiff's claims. As discussed in detail below, the answer to both questions is a resounding No.

### A.  No Basis Exists for Equitably Tolling the Limitations Period.

Applying the Supreme Court's mandate that equitable tolling principles may be applied to the limitations period for claims of discrimination and other civil rights violations, the Third Circuit has stated that equitable tolling may be applied in three general scenarios. These scenarios are (1) where the defendant actively misleads the plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; and (3) where the plaintiff timely filed her claims mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3rd Cir. 1994). None of these scenarios is present in this case.

The first scenario generally describes a situation in which a defendant uses a "carrot and stick approach" to convince the plaintiff not to file her claims. *See*, *e.g.*, Oshiver, 38 F.3d at 1387 (equitable tolling appropriate when it appears that (1) the defendant actively misled the plaintiff respecting the claim, and (2) this deception caused the plaintiff's non-compliance with the limitations provision); Wagner v. Sperry Univac, Div. of Sperry Rand Corp., 458 F. Supp. 505, 515 (E.D. Pa. 1978), *aff'd*, 624 F.2d 1092 (3rd Cir. 1980)(employer did not mislead plaintiff into believing that he would be rehired, such as would support equitable tolling); Edmonston v. MGM Grand Air, Inc., 808

F. Supp. 197, 204 (E.D.N.Y. 1992)(employer's statement that it would "take care of everything" did not mislead plaintiff where shortly thereafter plaintiff received notice that defendant would do nothing).[1]

Plaintiff has not, and cannot, allege that any act by the Defendants misled her with respect to her federal claims against them. Plaintiff timely filed her administrative charge of discrimination with the Pennsylvania Human Relations Commission and the EEOC, and she commenced an action in the Court of Common Pleas of Delaware County on various state law claims prior to the EEOC's issuance of the Right to Sue Notice. Both the administrative charge and the state law action were responded to and litigated properly by Defendants. Most significantly, Plaintiff's failed attempt to "file" her Title VII claims, by attempting to amend and "remove" the Delaware County action to this Court, was timely because it occurred thirty-six (36) days after Plaintiff received her Right to Sue Notice. Thus, Plaintiff clearly was aware of the 90-day limitations period, and her action in attempting to file her Title VII claim forecloses any claim that the Defendants caused her to miss the limitations period. Thus, Plaintiff cannot satisfy the first Oshiver scenario basis for equitably tolling the limitations period.

Nor can Plaintiff satisfy the second scenario identified in Oshiver. The second scenario requires the existence of some "extraordinary" circumstance that "prevented" the plaintiff from timely

---

[1] Pennsylvania law concerning estoppel to assert a statute of limitations also requires some active deception by the defendant on which the plaintiff relied. See, Lake v. Arnold, 232 F.3d 360, 367-68 (3rd Cir. 2000)(citing Walters v. Ditzler, 424 Pa. 445, 227 A.2d 833 (1967)).

asserting her rights. Oshiver, 38 F.3d at 1387.[2] Once again, it is significant that Plaintiff tried to timely assert her Title VII claim through her improper attempt to amend and "remove" the Delaware County action. Obviously, at that time there was no "extraordinary circumstance" that "prevented" Plaintiff from timely acting. Further, nothing in the record indicates that any "extraordinary circumstance" arose between that failed attempt to remove and the running of the 90-day limitations period.

Clearly, the only "circumstance" that "prevented" Plaintiff from timely filing her Title VII action in this Court was her error in "removing" the case, and her failure to timely file any other action in this Court. If this action was due to a mistake of counsel, no equitable tolling can occur because attorneys' mistakes are not a proper basis for equitable tolling. *E.g.*, Hinton v. CPC Int'l, Inc., 520 F.2d 1312 (8th Cir. 1975); Woods v. Denver Dept. of Revenue, Treasury Div., 818 F. Supp. 316 (D. Colo. 1993); Fleming v. Alcoa Bldg. Products, 820 F. Supp. 1113 (N.D. Ind. 1992), *aff'd*, 7 F.3d 238 (7th Cir. 1993); Fellows v. Earth Const., Inc., 805 F. Supp. 223 (D. Vt. 1992).

Plaintiff is also not entitled to any tolling during the "pendency" in this Court of the erroneously removed action. The subsequent dismissal/remand of the removed action by this Court allowed the limitations period to continue to run, and expire before Plaintiff commenced the action at bar. *E.g.*, Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959 (10th Cir. 1991); Wilson v. Grumman Ohio Corp., 656 F. Supp. 689 (N.D. Ohio 1985), *aff'd*, 815 F.2d 26 (6th Cir. 1987); McClain v. Mack Trucks, Inc., 81 F.R.D. 730

---

[2] An example of such an "extraordinary circumstance" is a plaintiff's mental illness. *See*, Velez v. QVC, 227 F. Supp. 2d 384, 401-03 (E.D. Pa. 2002). Neither this nor any other "extraordinary circumstance" has been alleged by Plaintiff in this case.

(E.D. Pa. 1979). Defendants note that it took Plaintiff an additional twenty-four (24) days following dismissal of the removed action before she made a second attempt to file her Title VII claims in this Court. This passage of time raises an question whether Plaintiff acted with sufficient diligence to support providing her with the benefit of equity. In addition to the absence of tolling based on the "pendency" of the prior action, Plaintiff is not saved by asserting some mistaken belief that that action somehow "saved" a later, untimely action. *See*, Bronze Shields, Inc. v. New Jersey Dept. of Civil Service, 667 F.2d 1074, 1085 (3rd Cir. 1981), *cert. denied*, 458 U.S. 1122 (1982) ("equity does not provide for those who put all their eggs in one basket and refuse to take advantage of alternative avenues to relief"). In Bronze Shields, the Court refused to allow the plaintiffs to file an untimely Title VII action based on their claim that existing litigation with overlapping issues and the unsettled state of the law of "continuing violations" were equitable reasons for their not having timely filed their Title VII actions. *Id*.

Finally, Plaintiff cannot satisfy the third Oshiver scenario because she cannot show that she timely filed her claims mistakenly in the wrong forum. In dismissing/remanding the earlier "action" in this Court, Judge Waldman held that "the only complaint ever filed prior to removal, or otherwise, asserts purely state law claims." *See*, Exhibit C to Defendants' Motion to Dismiss. Judge Waldman's holding that the so called "Amended Complaint" that Plaintiff relied on had not been filed in Delaware County is supported by the Docket Sheet from the Delaware County case, attached hereto as Exhibit "A". To this day, Plaintiff has not properly filed her federal claims in the Delaware County action, and, therefore, cannot show that she "timely filed her claims mistakenly in the wrong forum."

Oshiver, 38 F.3d at 1387.³ Even if, however, Plaintiff had properly filed her so-called "Amended Complaint" in the Delaware County action prior to her erroneous "removal," she could not rely on the third Oshiver factor because this "timely" filing would not have been "in the wrong forum." It is well-settled that state courts have concurrent jurisdiction with the federal courts over Title VII claims. *See*, Williams v. Related Management Corp., 832 F. Supp. 100, 103 (S.D.N.Y. 1993).

Plaintiff is unable to satisfy any of the bases for equitably tolling the 90-day limitations period, as that doctrine is applied in the Third Circuit, and her Title VII claims against the Defendants should be dismissed, with prejudice.

II.    **ISSUE: WHETHER THE DEFENDANTS ARE ESTOPPED FROM ARGUING THAT PLAINTIFF FAILED TO FILE HER CLAIM IN A TIMELY MANNER BECAUSE THEY WERE ON NOTICE OF THE FEDERAL CLAIMS WHEN THE PLAINTIFF FILED HER UNSUCCESSFUL REMOVAL PETITION IN STATE COURT**

Response: The purported actual notice to the Defendants of Plaintiff's desire to allege Title VII claims against them should not estop Defendants from relying on the limitations defense.

The Court has also directed the parties to address whether the Defendants should be estopped from relying on the limitations defense because they had "actual notice" of Plaintiff's Title VII claims prior to the running of the limitations period. The Defendants assume that the "actual notice" to which the Court refers is the "Amended Complaint" that Plaintiff attached to her Notice of Removal in the

---

³   The doctrines of res judicata, collateral estoppel, and/or law of the case may properly be applied in this case, although the current situation does not strictly comply with the usual conditions for applying these doctrines. The current case involves the same parties and issues that have previously been addressed by this Court, albeit under a different case number. There is simply no reason to disturb Judge Waldman's prior ruling. *Cf.*, Williams v. Runyon, 130 F.3d 568 (3rd Cir. 1997)(applying law of the case doctrine).

Delaware County action and in this Court.  As a matter of law, this purported "actual notice" does not satisfy Plaintiff's obligation to timely file her Title VII claims.  Defendants have found no case authority that addresses a situation similar to the one in this case, namely where there was an improper "removal" based upon an unfiled pleading containing federal claims.  Nevertheless, case authority addressing whether removal by a defendant was timely or appropriate is analogous to and highly instructive on this issue.

> The federal statute that governs the procedure for removal, 28 U.S.C. §1446, states, *inter alia*,
>
>> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. §1446(b).  Removals under this section and motions for remand under 28 U.S.C. §1447 have resulted in hundreds of reported cases.  Many of these cases have addressed the issue of "actual notice" to defendants in various circumstances.  The clear result of these cases is that a defendant's alleged "actual knowledge" of a basis for removal is not sufficient to start the thirty-day period for removal if other conditions are not met.

The most important condition that must be met for the removal period to begin is that the pleading which states the basis for federal jurisdiction must actually have been filed with the court.

The receipt by a defendant of a pleading that has not been filed, but that shows a basis for federal jurisdiction, will not start the thirty-day removal period. *See*, *e.g.*, Chart Development Corp. v. West Slope Water Dist., 22 F. Supp. 2d 1169 (D. Ore. 1998); Leverton v. Allied Signal, Inc., 991 F. Supp. 481 (E.D. Va. 1997); Schneehagen v. Spangle, 975 F. Supp. 973 (S.D. Tex. 1997); Campbell v. Associate Press, 223 F. Supp. 151 (E.D. Pa. 1963). If the pleading has not been filed and appropriate notice of it given in accordance with the Federal Rules of Civil Procedure, the defendant cannot lose any of his rights in connection with the filing of the pleading. *See*, Murphy Bros. Inc., Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)(requiring actual filing and appropriate service of complaint to trigger 30-day removal period; actual knowledge of pleading not sufficient); Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d 924 (E.D. Tenn. 2002). A pleading must be filed with the clerk of the court. *See*, Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3rd Cir. 1993)(citing Rowe v. Marder, 750 F. Supp. 718, 721 n.1 (W.D. Pa. 1990), *aff'd*, 935 F.2d 1282 (3rd Cir. 1991)). *See also*, Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147 (1984)(Title VII action not commenced where filing of Right to Sue Notice did not comply with requirements of Federal Rules of Civil Procedure about the content of complaint).

  The overriding principle of these cases is that a defendant's "actual knowledge" of claims against him does not excuse a plaintiff from complying with the substantive and procedural mandates of federal statutes and the Federal Rules of Civil Procedure concerning his claim, including the requirements concerning commencing and serving notice of an action. *See*, Murphy Bros., Inc., 526 U.S. at 350-51 (requiring compliance with Rules regarding service of process to impose duty on defendant to act to protect rights); Baldwin Cty. Welcome Center, 466 U.S. at 149-50 (discussing

commencement of action under Federal Rules, and absence of "special status" under the Rules for Title VII claims). Applying this important principle to this case, Plaintiff's failure to properly and timely file her Title VII claims in the Delaware County action or in this Court is not excused simply because the Defendants actually received a copy of the "Amended Complaint" on which Plaintiff relies.

It also bears repeating here that the principle of "estoppel" to assert a statute of limitations generally requires some affirmative, deceptive act by a defendant that causes a plaintiff to miss a limitations period. *See*, Oshiver, 38 F.3d at 1387. Plaintiff's failure to timely file her Title VII claims resulted not from any act by the Defendants, but from her own negligence. Plaintiff's negligence cannot, and *should not*, divest the Defendants of their important legal right to assert a limitations defense in this action.

As a matter of law, Plaintiff's failure to properly and timely file her Title VII claims cannot be excused by the Defendants' actual receipt of a document that was never filed in accordance with the requirements of court rules. Plaintiff's failure was not caused by the Defendants. Therefore, there is no legal basis to estop the Defendants from asserting and relying on the statute of limitations defense to Plaintiff's Title VII claims.

### III.   ISSUE: WHETHER THE COLORADO RIVER ABSTENTION DOCTRINE APPLIES

Response: The Colorado River abstention factors weigh in favor of abstention.

As requested in Section II.D. of the original Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, the doctrine of abstention allows this court to decline to

exercise jurisdiction over a matter via a Motion to Dismiss pursuant to Rule 12(b)(1). <u>Bell Atlantic - Pennsylvania, Inc., v. Pennsylvania Public Utility Commission</u>, 107 F. Supp. 2d 653 (E.D. Pa. 2000). The instant matter meets the requirements of <u>Colorado River Water Conservation District v. U.S.</u>, 424 U.S. 800, 96 S. Ct. 1236 (1976) for abstention.

Obviously, a pending state court proceeding involving the same claims and parties with nearly identical allegations exists and the two actions are parallel. (See citations in original Memorandum in Support of Motion to Dismiss).

This Court must now evaluate the six <u>Colorado River</u> abstention factors which in this case, weigh in favor of abstention. These factors are discussed in <u>Bodoin v. Deckerman</u>, 997 F. Supp. 645 (E.D. Pa. 1998).

In brief, the arguments are as follows:

A. Which court first assumed jurisdiction over the property involved?
There is no property involved in the current litigation.

B. Whether the federal forum is inconvenient?
The federal forum is equally as convenient as the Delaware County court for all parties and witnesses.

C. The desirability of avoiding piece meal litigation.

The continued existence of both of these actions clearly requires piece meal litigation as, the identical claims of the state court action are being litigated in the instant federal court action. One of the actions must be dismissed with prejudice to avoid piece meal litigation.

D. Which court first obtained jurisdiction?

The Court of Common Pleas of Delaware County first assumed jurisdiction over the matter in that Plaintiff filed the Delaware County action in May 2001 and the instant action was filed in June 2002.

E. Whether federal or state law applies?

This factor strongly mitigates in favor of abstention. All of Plaintiff's claims with the exception of the civil rights claim under 42 U.S.C. §1981 require the application of state law. It is believed and therefore averred that Plaintiff's §1981 action would not survive summary judgment in this Honorable Court. See Section IV.A., regarding supplemental jurisdiction, below. Therefore, the only law this court would apply in a trial of this matter would be state law. Plaintiff's claims arising under the Pennsylvania Human Relations Act, Count VIII, must be decided by the court, not a jury. This Honorable Court would be the only fact finder in Plaintiff's purely state law action.

Even should the §1981 action survive summary judgment, the majority of this matter will need to be determined under state law.

F. Whether the State Court proceeding would adequately protect the federal Plaintiff's rights?

Obviously, the State Courts of Pennsylvania are courts of unlimited jurisdiction. They are fully equipped to handle Plaintiff's 1981 claim. Plaintiff's §1981 claim and the

>Pennsylvania Human Relations Act claim can be heard in the State Court as, Pennsylvania Rule of Civil Procedure 1033 will allow Plaintiff to amend her pleading to add the two additional claims with the consent of Defendants. This amendment of the State action will allow the matter to proceed without further delay.

## IV. ISSUE: WHETHER THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

<u>Response</u>: As the only claim that bestows federal jurisdiction is Plaintiff's §1981 claim (Count VI), this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

### A. <u>Plaintiff's §1981 Claim Would Only Permit Her to to Recover If She Can Prove That the Decision to Terminate Her Employment By Any of the Defendants Was Based On Race. Plaintiff Will Fail In This Claim</u>

28 U.S.C. §1367 permits this court to exercise supplemental jurisdiction over plaintiff's state law claims in the event this court has original jurisdiction over the matter. Defendants have not yet moved for dismissal of Plaintiff's 42 U.S.C. §1981 claim as, there are factual issues which preclude a Motion to Dismiss on that claim. However, there is no factual dispute that Plaintiff was hired and fired by the same actors. It is well accepted across the body of federal common law in discrimination matters that if an employee was hired and fired by the same person (or persons) within a relatively short time span, this fact creates a strong inference that the employer's stated reason for acting against the employee is not pretextual. In short, employers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing. <u>Taylor v. Virginia Union University</u>, 193 F. 3d 219 (4th Cir. 1999) (citations omitted). Plaintiff's claims for pregnancy

discrimination cannot be brought under §1981. <u>Al-Khazragi v. St. Francis College</u>, 784 F.2d 505 (3d Cir. 1986). <u>Olivares v. Martin</u>, 555 F.2d 1192 (5th Cir. 1977). As it is unlikely that Plaintiff's §1981 claim will survive summary judgment in this Honorable Court, its dismissal would then place the court in the position of deciding whether to retain supplemental jurisdiction over a purely state court case.

  B. <u>The Existence One Federal Claim Does Not Require
    This Court to Exercise Supplemental Jurisdiction</u>

Even with the §1981 claim in the case, this Honorable Court can decline to exercise supplemental jurisdiction over this case pursuant to 28 U.S.C. §1367(c)(2) which states:

> "The District Courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
>
> (2) the [state law] claim substantially predominates over the claim or claims over which the District Court has original jurisdiction.

The counts in both the federal and state Complaints for Breach of Contract and Promissory Estoppel, which appear at Counts I and II in both Complaints have been dismissed with prejudice.

Plaintiff's Complaint in the State Court currently contains three state law tort claims and after amendment would also contain a state law discrimination claim arising under the Pennsylvania Human Relations Act. The only federal claim would be the §1981 claim which is discussed above. The state law claims substantially predominate over the §1981 claim.

As outlined above, it is likely that Plaintiff's race discrimination claim under §1981 will not survive summary judgment. This court would then be left with the difficult decision to exercise supplemental jurisdiction over a case where no federal action is currently pending. Although this court has the discretion to keep jurisdiction, there is no reason to. The discovery in the case, which has now

almost been completed, was conducted for both the federal and state action and the matter can proceed promptly to disposition in the state court forum. There would be no need to file a new state court action and as these matters have proceeded concurrently, judicial economy is clearly served by one of them being dismissed at this juncture.

The purpose of supplemental jurisdiction is to permit one court to hear all claims arising out of a common nucleus of operative facts. <u>Women Prisoners of the D.C. Department of Corrections v. District of Columbia</u>, 93 F.3d 910 (D.C. Cir. 1996). If this court exercises its discretion and declines to exercise supplemental jurisdiction, Plaintiff will not be prejudiced in any way and all claims will be cognizable in the appropriate state court forum.

## **CONCLUSION**

It is clear beyond argument that Plaintiff's Title VII claims were filed beyond the ninety day period of limitations and must be dismissed with prejudice. Without that federal claim, this Honorable Court should either abstain or decline to exercise supplemental jurisdiction over Plaintiff's one remaining federal claim and four state law claims when there is a concurrent action proceeding in the Delaware Court of Common Pleas. For these reasons, it is respectfully requested that this court enter an Order dismissing Count VII of Plaintiff's Complaint with prejudice and dismissing Counts III, IV, V, and VIII without prejudice for Plaintiff to pursue them in the existing Delaware County action.

Respectfully submitted,

**SWEENEY & SHEEHAN**

By:_____
    Barbara A. O'Connell
    Identification No. 46461
    1515 Market Street, 19th Floor
    Philadelphia, PA 19102
    (215) 563-9811

-15-

Attorney for Defendants